| | |
|---|---|
| Russell Brown<br>CHAPTER 13 TRUSTEE<br>Suite 800<br>3838 North Central Avenue<br>Phoenix, Arizona 85067-3970<br>602.277.8996<br>Fax 602.253.8346 | |

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re<br><br>TROY M. CAROLAN,<br><br>and<br><br>ANN I. CAROLAN,<br><br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2:09-BK-05675 EWH<br><br>**TRUSTEE'S RECOMMENDATION ON CHAPTER 13 PLAN & MORATORIUM** |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1. PHH Mortgage Corporation has filed an objection to the Plan. The attorney for the Debtors must notify the Trustee if the objection has been resolved or, if the objection is unresolved, file the appropriate motion to get the Court to hold a hearing on the objection. If resolution of the objection changes Plan funding requirements, the Trustee requires receipt of an amended Plan analysis with any proposed order confirming the Plan. If a motion is filed to get a hearing before the Court, the time to submit a proposed Order confirming the Plan to the Trustee is extended.

2. The proofs of claim filed by Deer Valley Credit Union, Desert Schools Federal Credit Union and PHH Mortgage Corp. differ from the creditors' treatment under the Plan or are not provided for by the Plan. The Trustee has received no notification that the issues have been resolved and the Debtors must resolve the discrepancies before the Trustee recommends confirmation of the Plan. As to each claim, the Trustee requires that the Debtors: (a) file an objection to the claim (if the debt is believed to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee

**in writing** that the order confirming the Plan will provide for full payment of the claim; or (d) timely file an amended Plan to provide for some or all payment on the claim. If resolution of the claims changes Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form 13-2) with any proposed Order confirming the Plan. If one or more objections to the proofs of claim is timely filed by the Debtors, then the time to submit a proposed Order confirming the Plan to the Trustee is extended by 15 days after substantive completion of the last objection.

3. Any Order confirming the Plan must comply with the provisions of the Trustee's Memorandum dated March 19, 1998 (copy enclosed or previously submitted to counsel). The tax years are 2009 and 2010. The time to submit a proposed Order to the Trustee is extended to 15 days after the conclusion of any objection to proof of claim or objection to confirmation.

4. **Plan payment status:** The Debtors interim payments of $1,234.10 each are current through due date November 24, 2009. Subsequent payments are due on the 24th day of each following month. The Trustee reminds the Debtor that he or she may access case information from the Trustee's office, such as plan payments received, by going to www.13datacenter.com. Then, under the Debtor section, click 'Click Here to get started' and follow the instructions. Also, a debtor may get email notification of docket events by filling out the Bankruptcy Court's Debtor Email Registration Form. The form is available on the Court's website at www.azb.uscourts.gov and then going to Forms and Publications.

5. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(c) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

SUMMARY

**Pursuant to Local Rule 2084-10, paragraph E.(2), the Debtors must provide the following by January 11, 2010 or the Trustee will lodge an order dismissing the case:**

(a) Items #1 through 5.

**The Court may dismiss the case without further notice for the Debtors' failure to timely comply with the Trustee's Recommendation.** If the Debtors meet all requirements of the Recommendation and this case remains active, Debtors' counsel must submit to the Trustee for review and signature, **a proposed stipulated Order Confirming the Plan & Moratorium**, signed by all objecting parties, which incorporates the requirements of this Recommendation, no later than January 11, 2010. The Trustee considers the time for reviewing a proposed Order pursuant to Rule 2084-13(c), L.R.B.P., to begin running when all Recommendation conditions are met.

                                                      _____
                                                      Russell Brown
                                                      Chapter 13 Trustee

A copy of this document was
mailed on the date signed below to:

Troy and Ann Carolan
6947 W. Williams Dr.
Glendale, AZ 85310
Debtors

Mari Jo Clark
3700 N. 24th St., Ste. 120
Phoenix, AZ 85016
Attorney for Debtors

_____
*jmorales@ch13bk.com*